[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE #117
On January 5, 1996, the plaintiff, Westport News, Inc., filed a three count amended and revised complaint alleging violation of the Connecticut Unfair Trade Practices Act (CUTPA) in the first and third counts, and interference with business relations in the second count, against the defendant, Minuteman Press, Inc. The plaintiff alleges in its complaint that the defendant has violated CUTPA and interfered in its business relations by misrepresenting the plaintiff's circulation, selling advertising at random and arbitrary rates, and pricing advertising below cost to eliminate competitors and reduce competition.
The defendant filed a motion to strike ¶¶ 8(a) and (b) of the first and second counts of the plaintiff's amended and revised complaint on the ground that the allegations contained within that paragraph are insufficient to state a cause of action in CUTPA or under the Connecticut Antitrust Act. The plaintiff filed a memorandum of law in opposition on March 15, 1996.
"The motion to strike . . . replaced the demurrer in our practice. Its function, like that which the demurrer served, is to test the legal sufficiency of a pleading" (Internal quotation marks omitted) RK Constructors, Inc. v. Fusco Corp., 231 Conn. 381,384 650 A.2d 153 (1994). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff" (Internal quotation marks omitted.) NovametrixMedical Systems v. BOC Group, Inc., 224 Conn. 210, 214-15,618 A.2d 25 (1992) "This includes the facts necessarily implied and fairly provable under the allegations. . . . It does not include, however, the legal conclusions or opinions stated in the complaint. . . ." S.M.S. Textile v. Brown, Jacobson, Tillinghast,Lahan and King, P.C., 32 Conn. App. 786, 796, 631 A.2d 340
(1993). "If facts provable in the complaint would support a cause of action, the motion to strike must be denied" Id. "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged."Novametrix Medical Systems v. BOX Group, Inc., supra, 224 Conn. 215.
The defendant has moved to strike ¶¶ 8(a) and (b) of counts one and two of the plaintiff's amended and revised complaint on the ground that the allegations contained therein are insufficient to state a cause of action.
The plaintiff alleges in ¶¶ 8(a) and (b): "On information CT Page 4069-F and belie[f], during the same period, the defendant, in one or more of the following ways, engaged in anti-competitive pricing practices with respect to the pricing of its advertising for the purpose of inducing plaintiff's current and prospective advertisers to switch their advertising to the defendant or to advertise in the defendant's paper rather than that of the plaintiff, all in violation of C.G.S. § 42-11b:
 a. it sold advertising at random and arbitrary rates below its published rate card rates, without a criteria or categorical rate structure.
 b. it priced its advertising below its costs to eliminate competitors and reduce competition."
"An individual paragraph contained in a complaint or special defense is not the proper subject of a motion to strike unless it embodies an entire cause of action or defense." Geary v. GeorgeA. Tomasso Construction Corp., Judicial District of Superior Court, judicial district of Waterbury, Docket No. 122785 (October 13, 1995, Vertefeuille, J.); see also Rea v. Allstate Insurance Co., Superior Court, judicial district of Hartford/New Britain at New Britain, Docket No. 463702 (October 17, 1995, Arena, J.); Warner v. Kedah Corp.,
Superior Court, judicial district of Middlesex at Middletown, Docket No. 072964 (September 20, 1995, Stanley, J.); Wordell v.Fairfield Transportation Group, Superior Court, judicial district of New London at New London, Docket No. 533430 (July 7, 1995, Hendel, J.); AJL Enterprises Ltd. Partnership v. Arrow paperParty Stores, Superior Court, judicial district of New London at New London, Docket No. 529862 (January 18, 1995, Hurley, J.) (noting that a motion to strike may not challenge a subparagraph of a complaint unless it set forth a distinct cause of action).
The defendant's motion to strike seeks to strike a portion of a paragraph of counts one and two, which does not set out a separate and distinct cause of action. Accordingly, the defendants motion to strike is denied.
LAWRENCE L. HAUSER, JUDGE CT Page 4069-G